IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA PRIVETTE-JAMES | : | CIVIL ACTION |
| v. | : | |
| CAROLYN W. COLVIN | : | NO. 2:12-cv-6101 |

ORDER

AND NOW, this 7th day of August, 2015, upon careful and independent consideration of Plaintiff Sonya Privette-James's Motion for Summary Judgment (Doc. No. 11-1) and the Memorandum of Law in support thereof (Doc. Nos. 10, 11),[1] Defendant Carolyn W. Colvin's Response to Request for Review of Plaintiff (Doc. No. 16), the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin (Doc. No. 19), Plaintiff's objections to the R&R (Doc. No. 23), and Defendant's response thereto (Doc. No. 25), it is hereby ORDERED as follows:

1. Plaintiff's objections to the Report and Recommendation are OVERRULED.

    When reviewing a Report and Recommendation ("R&R") to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises three objections to the R&R, and we address each in turn.

    Plaintiff first objects on the basis that the Magistrate Judge and the Administrative Law Judge ("ALJ") erred in giving less than controlling weight to the opinion of Plaintiff's treating orthopedist, Frederick S. Lieberman, M.D. (Pl.'s Objections 3, Doc. No. 23.) In concluding that Plaintiff was no longer disabled as of August 19, 2010, the ALJ expressly afforded "less weight" to the opinion of Dr. Lieberman that Plaintiff remained "unfit for duty" after that date. (See ALJ Decision 20–21, Doc. No. 7-2.) The ALJ did so because he determined that "Dr. Lieberman's opinion is incongruous with the clinical and objective findings of record as well as [Dr. Lieberman's] own treatment reports in which

---

[1] Although Plaintiff styles her brief as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 along with an accompanying memorandum of law, the brief is more appropriately considered a request for review along with a brief and statement of issues in support thereof. Defendant's response and the R&R treat Plaintiff's brief as such, and we will do the same.

he described the claimant as doing well and in no acute distress." (Id. at 21 (citation omitted).)

Plaintiff's objection to this portion of the R&R merely restates one of her previous challenges to the ALJ's decision (see Pl.'s Mot. Summ. J. 13–17, Doc. No. 11). We find that the Magistrate Judge correctly resolved this issue. (See R&R 12–16, Doc. No. 19.) As discussed more fully in the R&R, an ALJ must give a treating physician's opinion controlling weight when it "is not inconsistent with the other substantial evidence in [the plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2). However, "[i]f a treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less-than-controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Watson v. Astrue, No. 08-1858, 2009 WL 678717, at *7 (E.D. Pa. Mar. 13, 2009) (citing Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991)); see also Crandall v. Astrue, No. 10-1431, 2011 WL 4632281, at *6 (E.D. Pa. Oct. 5, 2011) ("Where the opinion of a treating physician conflicts with that of a non-treating physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)) (internal quotation marks omitted)). We agree with the Magistrate Judge that the ALJ correctly found Dr. Lieberman's statements regarding Plaintiff's ability to work after August 19, 2010 inconsistent with substantial evidence in the record, including Dr. Lieberman's other statements (see R. 487–88, 497–504) and the medical notes of another doctor, Tariq S. Siddiqi, M.D. (see R. 493–94). The ALJ therefore did not err in affording minimal weight to Dr. Lieberman's statements.

For her second objection, Plaintiff again reasserts one of her previous challenges to the ALJ's decision: she alleges that the ALJ erred by failing to consider evidence from non-medical sources, particularly the statements of Plaintiff's husband and friend. (Pl.'s Objections 9–10; Pl.'s Mot. Summ. J. 20–21.) The Magistrate Judge considered this issue and determined that no remand is warranted because the ALJ expressly stated throughout his decision that he had considered all the evidence. (R&R 20–22 (citing R. 11, 14, 18–20).) The Magistrate Judge determined in the alternative that even if the ALJ did err by failing to consider the lay witnesses' statements, this error did not affect the outcome of the case, so remand is not necessary. (Id.) We agree with the Magistrate Judge.

In Burnett v. Commissioner of Social Security, 220 F. 3d 112, 122 (3d Cir. 2000), the Third Circuit held that "the law requires the ALJ to consider and weigh all relevant evidence, including nonmedical evidence from spouses, parents, other relatives, friends, and neighbors." Butterfield v. Astrue, No. 06-0603, 2011 WL 1740121, at *6 (E.D. Pa. May 5, 2011) (citing Burnett, 220 F.3d at 122). Nevertheless, "[i]n many cases, courts have found that an ALJ's failure to address lay opinion testimony, although technically in violation of applicable legal standards, did not require remand since the testimony would not have changed the outcome of the case." Butterfield, 2011 WL 1740121, at *6; see, e.g., Bailey v. Astrue, No. 07-4595, 2009, WL 577455, at *11 (E.D. Pa. Mar. 4, 2009) (declining to remand, despite the ALJ's failure to explicitly address the testimony of plaintiff's mother, based on a finding that this testimony was cumulative and merely reiterated facts); Thompson v. Astrue, No. 07-2989, 2009 WL 7007996, at *15 (E.D. Pa.

Jan. 30, 2009) (concluding that remand was not necessary where the ALJ's failure to discuss a lay witness's letter was harmless error); DeStefano v. Astrue, No. 07-3750, 2009 WL 113744, at *10 (E.D. Pa. Jan. 14, 2009) (determining that the ALJ's failure to address non-medical testimony did not require remand where the medical evidence in the record supported the ALJ's residual functional capacity determination). The Third Circuit has also held more broadly since Burnett that remand is not required where an ALJ's error did not affect the outcome of the case. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

Here, even if the ALJ did not consider the lay witnesses' statements when making his decision, this error was harmless and does not require remand. (See R&R 21–22.) The letter submitted by Plaintiff's husband Brian James (R. 221) would not have changed the ALJ's conclusions regarding Plaintiff's residual functional capacity or her credibility. The letter, which details some of Plaintiff's physical limitations and the difficulties associated with them, is cumulative and merely reiterates information that the ALJ expressly considered from elsewhere in record. (See id.) Moreover, this letter would not have changed the ALJ's finding that Plaintiff's "subjective complaints are less than fully credible," as the ALJ based this conclusion on his assessment that "the objective medical evidence does not support the alleged severity of symptoms." (ALJ Decision 21.) Thus, the ALJ would not have made a different determination had he explicitly considered Plaintiff's husband's non-medical statement.

Similarly, the letter offered by Florence Dunham—whose relationship to Plaintiff was unclear until Plaintiff clarified in her objections that she is "a friend" (Pl.'s Objections 8)—would not have affected the ALJ's decision. (See R. 219–20.) The letter is largely incomprehensible and appears to barely discuss Plaintiff in particular, instead describing the writer's views on the general difficulties associated with poor health. (See id.) We therefore find that the ALJ's alleged failure to consider the lay witnesses' statements was harmless error that does not warrant remand.

Finally, Plaintiff objects to the R&R on the basis that the ALJ erred by failing to keep the record open so that Plaintiff could submit new evidence of anemia and heavy vaginal bleeding. (Pl.'s Objections 10.) Plaintiff had raised this issue in her original request for review (Pl.'s Mot. Summ. J. 21–23), and the Magistrate Judge found that the ALJ did not err in this manner (R&R 25–26). We agree, and we conclude that remand to allow Plaintiff to submit new evidence would be inappropriate in this case.

At the oral hearing on March 15, 2011, the ALJ indicated that he would not hold the record open so that Plaintiff could submit additional medical evidence, including medical evidence of her anemia. (R. 56–57.) Nevertheless, the ALJ considered in his decision Plaintiff's description of her symptoms associated with anemia, which she asserted made her unable to work because she was often tired and required frequent naps. (ALJ Decision 20.) Specifically, the ALJ stated, "The claimant testified she has anemia. However, there is nothing in the medical evidence of record to document ongoing complications or functional limitations regarding this condition. Therefore, I find this impairment to be non-severe." (ALJ Decision 16.) In reasserting her challenge to the

3

ALJ's decision to close the record, Plaintiff argues that she should have been permitted to submit various medical records indicating that she had uterine adenomyosis and fibroids and that she ultimately received a hysterectomy. (Pl.'s Objections 9–10.) She attached these records, spanning from April 9, 2010 through February 20, 2015, to her objections. (Id. at 15–26.) We consider whether it would be appropriate to remand for consideration of these records.

A district court may remand on the basis of "new evidence" under sentence six of 42 U.S.C. § 405(g) if the social security claimant satisfies a three-prong test. Hamm v. Astrue, No. 08-5010, 2009 WL 2222799, at *6 (D.N.J. July 22, 2009) (citing Szubak v. Secretary of HHS, 745 F.2d 831, 833 (3d Cir. 1984)). "The evidence must be (1) 'new' and (2) 'material,' and (3) there must be 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Id. (quoting Szubak, 745 F.2d at 833). Evidence is considered "new" under this test when it has not previously been entered into the record and is "not merely cumulative of what is already in the record." Szubak, 745 F.2d at 833. Evidence is "material" when it is "relevant and probative," id., and "when it relates to the period in which benefits were denied and creates a reasonable possibility of a different decision by the Commissioner," Hamm, 2009 WL 2222799, at *6. It is the claimant's burden to demonstrate "good cause" for not having incorporated the new evidence into the administrative record. Szubak, 745 F.2d at 833; see also Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) ("[I]t is much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ.").

The medical records that Plaintiff attached to her objections demonstrate that she had a possible uterine adenomyosis and fibroids as early as April 9, 2010. (Pl.'s Objections 15–26.) As this evidence was not part of the medical records submitted to the ALJ and presents information beyond what was in the record, it is new evidence. We conclude, however, that the evidence is not material. Although a few of the newly submitted records pertain to the timeframe that the ALJ considered, these records are merely laboratory reports on the existence of potential masses in and around Plaintiff's uterus (see id.); they provide no indication of any functional limitations that Plaintiff suffered due to these masses and thus would not alter the ALJ's residual functional capacity determination. Moreover, these records show no diagnosis or mention of anemia and therefore are not probative in substantiating Plaintiff's claim that anemia rendered her unable to work. (See id.) Thus, this evidence does not raise a reasonable possibility of a different determination by the Commissioner.

Plaintiff has also failed to show good cause for why she did not submit to the ALJ the medical records that existed prior to the ALJ's decision. Plaintiff emphasizes in her objections to the R&R that she was unable to present the evidence to the ALJ once the ALJ had decided to close the record on March 15, 2011. (See Pl.'s Objections 9–10.) Yet Plaintiff provides no explanation for why she had not submitted the evidence sooner, while the record was open, other than suggesting that Plaintiff's anemia was merely "developing." (Id. at 9.) As the medical records on Plaintiff's uterine masses date back to April 9, 2010—nearly a year before the ALJ closed the record—Plaintiff has not shown

   good cause for not having submitted this evidence into the administrative record. Likewise, Plaintiff has not provided evidence to support her claim that she had just begun developing anemia shortly before the record closed. In other words, she has not shown good cause for having failed to incorporate evidence of anemia into the record. Accordingly, we conclude that remand is not warranted based on the ALJ's decision to close the record at the oral hearing, as we have no indication that keeping the record open would have altered the outcome. We similarly conclude that remand on the basis of new evidence is not appropriate in this case.

2. The R&R is APPROVED and ADOPTED.

3. The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4. Plaintiff's request for review is DENIED. Judgment shall be entered in this matter in favor of Defendant. The Clerk of Court is directed to close this matter for statistical purposes.

                                    BY THE COURT:

                                    /s/ Legrome D. Davis

                                    Legrome D. Davis, J.